IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| RANDY ALTMAN, | ) | Civil Action No. 7:12-cv-00151 |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| CONMED HEALTHCARE | ) | |
| MANAGEMENT, INC., et al., | ) | By:   Hon. Michael F. Urbanski |
|     Defendants. | ) |         United States District Judge |

Randy Altman, a Virginia inmate proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names as defendants Conmed Healthcare Management, Inc. ("Conmed") and Dr. Ali to complain about the medical care he received at the Western Virginia Regional Jail ("Jail"). This matter is before the court for screening, pursuant to 28 U.S.C. § 1915, because plaintiff requests leave to proceed in forma pauperis. After reviewing plaintiff's submissions, the court grants plaintiff's in forma pauperis request and dismisses the complaint without prejudice for failing to state a claim upon which relief may be granted.

I.

Plaintiff alleges, "Dr. Ali[,] while working for Conmed Healthcare[,] prescribed me the wrong medication which I ingested on three separate occasions before realizing a negligent error had been made. This claim is to support the fact that negligent errors are being made at [the Jail] on a regular basis." (Compl. 2.) As a result, plaintiff experienced constipation and severe stomach pains for two weeks and still experiences constant migraines. Plaintiff does not request any relief.

**II.**

The court must dismiss any action or claim filed by an inmate if the court determines that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting a plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level. . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions. . . ." Id. Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although the court liberally construes pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of the complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir.

1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).  See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). A plaintiff must allege acts or omissions sufficiently harmful to evidence deliberate indifference to a serious medical need in violation of the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). "[A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind . . . .  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Id. at 105-06.

Plaintiff simply alleges that Dr. Ali negligently treated him by prescribing the wrong medicine.  Dr. Ali's alleged medical malpractice does not constitute an actionable claim of cruel and unusual punishment in violation of the Eighth Amendment.  Plaintiff also cannot proceed against Conmed in a § 1983 action via respondeat superior. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 663 n.7 (1978).  Plaintiff is no longer housed at the Jail, and his transfer from the Jail moots any request for equitable or declaratory relief about his incarceration there. Incumaa v. Ozmint, 507 F.3d 281, 286-87 (4th Cir. 2007).  Accordingly, plaintiff fails to state a claim upon which relief may be granted.

**III.**

For the foregoing reasons, the court grants plaintiff leave to proceed in forma pauperis, dismisses the complaint without prejudice for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and denies as moot plaintiff's motion for counsel.

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to plaintiff.

> Entered: June 20, 2012
>
> /s/ Michael F. Urbanski
>
> Michael F. Urbanski
> United States District Judge

4